Martin, J.
delivered the opinion of the court. This is an action commenced by attachment. The petition alleges that the defendant, an absent debtor, has fraudulently conveyed all his property to David Wood,and concludes with a prayer that the latter be summoned as garnishee, and holden to give surety to answer interrogatories. Surety was accordingly given by Wood, and he appeared and answered interrogatories; whereupon, he moved to be discharged from his suretiship. The plaintiff filed an affidavit, denying that the interrogatories were truly answered, prayed that the matter might be inquired into by a jury, and opposed the garnishee’s discharge from his suretiship. The district court discharged him, and the plaintiff, having filed a bill of exceptions to the opinion of the court, appealed.
The garnishee contends that this is not a proper ease for an appeal, which lies only on the final judgment of the cause, and not on a collateral order or interlocutory judgment—that this is so far from being a final judgment in a cause, *607 that there is not even a cause begun—there is not even a defendant in court.
He insists that the discharge was irregular. Before the year 1811, it is said, garnishees could not be holden to bail. The 4th section, of the act then passed, authorises them to be holden by sufficient sureties to appear and answer interrogatories, in court or before some judge or justice of the peace, and it is contended that after the appearance and answer, the condition of the garnishee’s bond being complied with, he is entitled to his discharge.
The plaintiff, however, replies that the condition of the bond is not fulfilled by an untrue answer—that the laws has given to plaintiffs a right to contest the truth of a garnishee’s answer and to have the verdict of a jury thereon—that this would be a nugatory right, if the garnishee was permitted to escape before verdict.
We are of opinion that, unless further proceedings may be had in this court, the plaintiff in this case will inevitably lose his right against the garnishee, if he has any, and that the order of the district court is in this case so far final, that it may be appealed from.
But, we think that the district court did not err, in discharging the garnishee from the suretiship *608 he had given. The condition of his bond, according to the act, is that the garnishee shall appear, at court or before some judge, or justice of the peace to make answers to interrogatories. His sureties do not undertake that the answers will be true ones. If they be not, the sureties are not answerable, either to the state or the plaintiff.
Duncan for the plaintiff, Turner for the defendant.
Whether on the appearance of the garnishee, when it appears, either from his own admission, the verdict of a jury or otherwise, that he has property and there is reasonable ground to fear, that he will runaway therewith, the court may not take measures for the forthcoming of the property, after judgment, is not a question now before us. For, in this case it does not appear that there was any specific application for this purpose and the order goes only to the discharge of the sureties.
It is ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.